





UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOUG BURCHFIELD, | |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| CSX TRANSPORTATION, INC., and THE ANDERSONS, INC. | CIVIL ACTION FILE NO. 1:07-CV-1263 |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff in this action, and files his Complaint for Damages against Defendants CSX Transportation, Inc., and The Andersons, Inc., as follows:

### PARTIES

1.

CSX Transportation, Inc., (hereinafter "CSXT" individually and "Defendants" collectively) is a foreign railroad corporation incorporated in a state other than Georgia with its principal place of business in Florida, is the cause of the incident which is the subject of this action, is liable to Plaintiff, is subject to the jurisdiction of this Court by virtue of diversity of citizenship, and it may be served with Summons and Complaint as allowed by law on its registered agent for service of process, Corporation Service Company, 40 Technology Pkwy South #300, Norcross, Georgia 30092.

2.

The Andersons, Inc., (hereinafter "TAI" individually and "Defendants" collectively) is a foreign corporation incorporated in a state other than Georgia with its principal place of business in Ohio, is the cause of the incident which is the subject of this action, is liable to Plaintiff, is subject to the jurisdiction of this Court by virtue of diversity of citizenship, and it may be served with Summons and Complaint as allowed by law on its registered agent for service of process, National Registered Agents, Inc., 3761 Venture Drive, Duluth, Georgia 30096.

3.

At all times relevant to this action, Defendant CSXT was a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire for the purpose of carrying freight in interstate commerce, and TAI was the owner of the hopper car designated as AEX 7136.

4.

Plaintiff Doug Burchfield is a resident and citizen of the State of Georgia.

## JURISDICTION AND VENUE

5.

Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000.

6.

Venue in this division of this Court is proper pursuant to under 28 U.S.C. § 1391 because the incident forming the basis of this action occurred in Newton County, Georgia, which is within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## FACTS

7.

On or about June 5, 2005, just prior to and at the time of the incident that is the subject of this lawsuit, Plaintiff was performing his duties as an employee of General Mills in Newton County, Georgia.

8.

On or about June 5, 2005, while acting within the scope of his employment with General Mills, which required him to transport/move railcars delivered by CSXT on a spur line at General Mills, Plaintiff was caused to be injured because of the negligence, negligence *per se*, and the wrongful conduct of Defendants and their agents in providing Plaintiff with a railcar (designated AEX 7136) with an unsafe and defective hand brake in violation of reasonable standards of care in the inspection and delivery of railcars to insure that they are safe for use, the Safety Appliance Act known as the Hand Brake Act, 49 U.S.C. §20302(a)(1)(B), and Federal Railway Administration Safety Regulations, 49 C.F.R. § 231.2(a), which govern brakes and railcar safety, in that the railcar on which he was required to work did not have efficient or reasonably safe hand brakes.

9.

On or about June 5, 2005, as a result of Defendants' negligence and negligence *per se*, shown in part by their violation of the Hand Brake Act and applicable Federal Safety Regulations which are part of their common law duties of reasonable care, Plaintiff was caused to suffer serious injuries including the severing of his right leg just below his knee and his left leg just above his knee.

10.

The negligence and wrongful conduct of Defendants is a failure to exercise the standard of care imposed by common law, statute and regulation, and is negligence *per se*, that is, negligence as a matter of law, as well as negligence as a matter of fact.

11.

As a proximate result of the negligence and wrongful conduct of Defendants, Plaintiff was caused to suffer severe and permanent bodily injuries including serious and permanent physical and emotional injury and disability, substantial and continuing pain, and disfigurement, suffering and discomfort, and lost wages, both past and future, and incurred medical expenses, both past and future.

12.

In the future, Plaintiff will suffer additional physical disability, pain, suffering and discomfort, along with additional and significant medical expenses, and further lost wages, all of which are the result of Defendants' negligence and negligence *per se*.

### COUNT ONE
(Negligence)

13.

Plaintiff repeats, realleges, and incorporates by reference, the allegations of Paragraphs 1 through 12 of this Complaint as if repeated herein as Paragraph 13.

14.

Defendants were negligent and negligent per se in at least the following ways:

A. Defendants put into service on its line a hopper car product (AEX 7136) which had an unsafe and inefficient hand brake, an essential part of a hopper car, in violation of its common law duties as defined in the Hand Brake Act, 49 U.S.C. §20302(a)(1)(B), a Safety Appliance Act of the United States Congress;

B. Defendants put into service on its line a hopper car product (AEX 7136) which had an unsafe and inefficient hand brake, an essential part of a hopper car, in violation of its common law duties as defined in the Federal Safety Regulations at 49 C.F.R. 231.2(a);

C. Defendant CSXT delivered to General Mills a hopper car product (AEX 7136) which had not been properly or reasonably inspected to discover that it had defective brakes and was unsafe; and

D. Defendants failed to warn General Mills that the hopper car product (AEX 7136) did not have adequate or safe brakes and could not be held in place by its own brakes in the absence of wheel chocks or other cars with adequate and operable brakes to hold it in place.

15.

As a proximate result of Defendants' negligence and violation of their common law duties as defined under Georgia common law which includes as standards of reasonable care the Hand Brake Act and applicable Federal Safety Regulations, Defendants are liable to Plaintiff for delivering a defective hopper car product, and Plaintiff is entitled to an award of special damages for past and future medical expenses in an amount to be shown at trial, lost wages and benefits both past and future, in an amount to be shown at trial, and general damages all in an amount to be determined by a jury of Plaintiff's peers in excess of $75,000.00.

## COUNT TWO
### (Punitive Damages)

16.

Plaintiff repeats, realleges, and incorporates by reference, the allegations of Paragraphs 1 through 15 of this Complaint as if repeated herein as Paragraph 16.

17.

Defendants' ownership, use and delivery of a hopper car product (AEX 7136) which had an unsafe and inefficient hand brake, and which had not been adequately or properly inspected because of Defendants' intentional decision to reduce their car inspection forces and not perform adequate inspections at interchanges with other carriers, at the time cars are inbound into yards, at the times cars are outbound from yards, and when cars are dropped off at customer locations exhibits an intentional, callous and wanton choice to place profits over human safety.

18.

As a direct result, in whole or in part, of Defendants' willful, wanton and callous disregard for safety, punitive damages to punish and deter should be imposed against the Defendants and awarded to the Plaintiff, in an amount to be determined by a jury of Plaintiff's peers in excess of $10,000,000.00.

WHEREFORE, Plaintiff prays FOR A TRIAL BY JURY, that summons issue, that judgment be entered in favor of him and against the Defendants, and that the following relief be granted:

(a) Under Count One, that Plaintiff be awarded his special damages in the amount proved at trial, and that he be awarded general damages, all in an amount to be determined by a jury of Plaintiff's peers;

(b) Under Count Two, that punitive damages be levied against the Defendants and awarded to the Plaintiff in an amount to be determined by a jury of Plaintiff's peers.

(c) That the cost of this action be cast upon Defendants; and,

(d) That Plaintiff be awarded such other and further relief as the Court deems just and proper.

        Respectfully Submitted,
        WARSHAUER, POE & THORNTON, P.C.

        By: _____
        Michael J. Warshauer
        Georgia Bar Number 018720
        Douglas C. Dumont
        Georgia Bar Number 232680

3350 Riverwood Parkway
Suite 2000
Atlanta, Georgia 30339
(404) 892-4900
(404) 892-1020 fax