**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

DOUG BURCHFIELD,                          :
                                          :
      Plaintiff,                        :
                                          :
vs.                                       :    Civil Action File No.
                                          :    1:07-CV-1263 (TWT)
CSX TRANSPORTATION, INC.,                 :
and THE ANDERSONS, INC.,                  :
                                          :
      Defendants.                       :

## ANSWER OF CSX TRANSPORTATION, INC.

COMES NOW CSX TRANSPORTATION, INC. ("CSXT"), one of the Defendants herein, and timely answers the Complaint of Plaintiff Doug Burchfield as follows:

### First Defense

Plaintiff's Complaint fails to state a claim against CSXT upon which relief can be granted.

### Second Defense

Plaintiff's claims against CSXT are barred for the reason that any injuries allegedly sustained by Plaintiff are the sole, direct and proximate result of Plaintiffs' own negligence, and no act or negligence of any kind whatsoever of

CSXT or any of its agents contributed in any way to the incidents described in Plaintiff's Complaint.

### Third Defense

No act or omission of CSXT either proximately caused or contributed to any injury allegedly sustained by Plaintiff or any damage allegedly incurred and, therefore, Plaintiff has no right of recovery against this Defendant.

### Fourth Defense

Any injury allegedly sustained by Plaintiff under the circumstances was not reasonably foreseeable to CSXT, and Plaintiff's claim is therefore barred.

### Fifth Defense

Although CSXT expressly denies that it or any of its agents were negligent in any way whatsoever as alleged in Plaintiff's Complaint, Plaintiff's own negligence contributed to the injuries alleged, and, thus, any damages allegedly sustained by Plaintiff must be reduced in proportion to the amount of Plaintiff's contributory negligence.

### Sixth Defense

Plaintiff failed to avoid the consequences of any alleged negligence of Defendant CSXT, all such alleged negligence of CSXT being expressly denied.

## Seventh Defense

To the extent that Plaintiff has failed to mitigate his damages, Plaintiff is barred from recovery against Defendant.

## Eight Defense

Plaintiff assumed the risk of injury.

## Ninth Defense

Plaintiff was negligent, and any alleged negligence on the part of Defendant, which alleged negligence Defendant expressly denies, was less than the negligence of Plaintiff.

## Tenth Defense

Plaintiffs' injuries were caused by the negligent training or supervision provided by his employer and other persons, presently unknown to CSXT, who were charged with training and supervising Plaintiff and his co-workers during the time of this incident.

## Eleventh Defense

Defendant CSXT reserves the right to plead and prove such other defenses as may become known during the course of investigation and discovery.

## Twelfth Defense

Defendant CSXT denies each and every averment of Plaintiff's Complaint not expressly admitted in this Answer. Defendant CSXT responds to the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES

### 1.

CSXT admits that it is incorporated under the laws of a state other than Georgia and has its principal place of business in Florida. CSXT admits that jurisdiction is proper in this court and service of process was properly effected. CSXT denies that it is the cause of the incident at issue in this lawsuit, and denies that CSXT is liable to the Plaintiff. To the extent further answer may be required, CSXT denies the remaining averments set forth in paragraph 1 of the Complaint.

### 2.

CSXT is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 2 of the Complaint.

### 3.

CSXT admits only that on the date of the incident at issue, June 5, 2005, CSXT was a railroad common carrier engaged in interstate commerce. CSXT

is without knowledge or information sufficient to form a belief as to the truth of the averments concerning The Andersons Inc. ("TAI"). To the extent further answer may be required, CSXT denies the remaining averments set forth in paragraph 3 of the Complaint.

4.

CSXT is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.

CSXT admits only that jurisdiction is proper in this Court. CSXT denies that Plaintiff is entitled to damages in excess of $75,000.00 from this Defendant.

6.

CSXT admits only that venue is proper in this Court.

7.

CSXT is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 7 of the Complaint.

8.

CSXT is without knowledge or information sufficient to form a belief as to whether Plaintiff was acting within the scope of his employment with General Mills, the requirements of his job, and the duties he was performing at the time of his accident. CSXT admits it delivered the rail car involved in the incident, car number AEX 7136, to the General Mills plant, but did so approximately two days before the incident at issue and set the car on a different track from the one on which the car was positioned at the time of the incident. CSXT denies that car number AEX 7136 was delivered to the General Mills plant with a defective or unsafe handbrake. CSXT denies that it was negligent or negligent per se. CSXT denies that its conduct with respect to car number AEX 7136 was wrongful in any way. CSXT denies that it caused Plaintiff's injury. CSXT denies that it violated any standards of reasonable care. CSXT denies that it violated the Safety Appliance Act or Hand Brake Act as alleged by Plaintiff. CSXT denies that it violated Federal Railway Administration Safety Regulations as alleged by Plaintiff. CSXT denies that the cited statutes and regulations make CSXT an "insurer" of Plaintiff's safety as alleged by Plaintiff. CSXT denies that car number AEX 7136 did not have an efficient or reasonably safe hand brake. To the extent further answer may be

required, CSXT denies the remaining averments set forth in paragraph 8 of the Complaint.

9.

CSXT admits only that Plaintiff suffered injuries to his legs on or about June 5, 2005.  CSXT denies the remaining averments set forth in paragraph 9 of the Complaint.

10.

CSXT denies the averments set forth in paragraph 10 of the Complaint.

11.

CSXT denies the averments set forth in paragraph 11 of the Complaint.

12.

CSXT denies the averments set forth in paragraph 12 of the Complaint.

**COUNT ONE: NEGLIGENCE**

13.

CSXT incorporates by reference its response to paragraphs 1 through 12 of the Complaint.

14.

CSXT denies the averments set forth in paragraph 14 of the Complaint.

15.

CSXT denies the averments set forth in paragraph 15 of the Complaint.

## COUNT TWO: PUNITIVE DAMAGES

16.

CSXT incorporates by reference its response to paragraphs 1 through 15 of the Complaint.

17.

CSXT denies the averments set forth in paragraph 17 of the Complaint.

18.

CSXT denies the averments set forth in paragraph 18 of the Complaint. CSXT denies that Plaintiff is entitled to punitive damages in this matter.

Responding to the "WHEREFORE" clause in Plaintiff's Complaint, CSXT denies that Plaintiff is entitled to the relief requested therein.

WHEREFORE, premises considered, Defendant CSXT, having fully answered the Complaint, prays as follows:

(a)    that judgment be entered in favor of Defendant CSXT and against Plaintiff on the Complaint; and

(b)    for such other and further relief as this Court may deem just and proper.

This 26th day of June, 2007.

                **CASEY GILSON P.C.**

                /s/ Robert E. Casey, Jr.
                **ROBERT E. CASEY, JR.**
                Georgia Bar No. 115605
                **SANDRA GRAY**
                Georgia Bar No. 306352
                22nd Floor, Six Concourse Parkway
                Atlanta, Georgia 30328
                (770) 512-0300
                Fax (770) 512-0070
                Attorneys for CSX Transportation, Inc.

415947-1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DOUG BURCHFIELD, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action File No. |
| | : | 1:07-CV-1263 (TWT) |
| CSX TRANSPORTATION, INC., | : | |
| and THE ANDERSONS, INC., | : | |
| | : | |
|     Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the **ANSWER OF CSX TRANSPORTATION, INC.** with the Clerk of Court  using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record for opposing parties:

Michael J. Warshauer, Esq.
Douglas C. Dumont, Esq.
Warshauer, Poe & Thornton, P.C.
3350 Riverwood Parkway, Suite 2000
Atlanta, Georgia 30339
dcd@warpoe.com

Earl W. Gunn, Esq.
Weinberg, Wheeler, Hudgins, Gunn, & Dial LLC
950 E. Paces Ferry Road, Suite 3000
Atlanta, GA 30326
bgunn@wwhgd.com

This 26th day of June, 2007.

**CASEY GILSON LEIBEL P.C.**

/s/ Robert E. Casey, Jr.
**ROBERT E. CASEY, JR.**
Georgia Bar No. 115605
**SANDRA GRAY**
Georgia Bar No. 306352
Attorney for Plaintiff
CSX Transportation, Inc.

Six Concourse Parkway, 22nd Floor
Atlanta, Georgia 30328
(770) 512-0300
(770) 512-0070 – fax

This document was prepared in compliance with Local Rule 5.1 using Times New Roman 14 point font.