# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DOUG BURCHFIELD, | : |
| Plaintiff, | : |
| v. | : Civil Action File No. |
| | : 1:07-CV-1263 (TWT) |
| CSX TRANSPORTATION, INC., | : |
| THE ANDERSONS, INC., | : |
| Defendants; and | : |
| THE ANDERSONS, INC., | : |
| Defendant/Third-party Plaintiff, | : |
| v. | : |
| STAR OF THE WEST MILLING COMPANY, | : |
| Third-party Defendant. | : |

## DEFENDANT CSX TRANSPORTATION, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CSX'S NOTICE OF DEFENSE OF FAULT OF NON-PARTY AS UNTIMELY [316]

Plaintiff moved this Court to strike Defendant CSX Transportation's ("CSXT") Notice of Defense of Fault of Third Party arguing that CSXT's notice "raises a new issue not asserted by CSX[T] during the discovery period"[316], p. 1. Because O.C.G.A. § 51-12-33 does not require a party to give notice of its intent to seek

apportionment of fault against a non-party within the discovery period, Plaintiff's motion is without merit and should be denied. Plaintiff's assertion that the Court should preclude CSXT from seeking apportionment of fault as to non-party General Mills because of CSXT's written discovery responses is similarly baseless. The Georgia statute does not reference such a requirement and the Federal Rules of Civil Procedure specifically provide that a party need not formally supplement written disclosures or discovery responses with facts "otherwise known" to other parties. In the absence of any basis to find that CSXT has failed to comply with the explicit terms of O.C.G.A. § 51-12-33, Plaintiff's motion should be denied.

## **ARGUMENT**

### A. CSXT's Notice of Defense of Fault of Non-Party Meets the Requirements of the Georgia Statute.

O.C.G.A. § 51-12-33 provides, in pertinent part:

(c) In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, *regardless of whether the person or entity was, or could have been, named as a party to the suit*.

(d)(1) *Negligence or fault of a nonparty shall be considered* if the plaintiff entered into a settlement agreement with the nonparty or *if a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault*.

(2) The notice shall be given by filing a pleading in the action designating the nonparty and setting forth the nonparty's name and last known address, or the best identification of the nonparty which is

possible under the circumstances, together with a brief statement of the basis for believing the nonparty to be at fault.

(*emphasis supplied*).

The legislative intent of O.C.G.A. § 51-12-33 is clear:  so long as a defending party provides 120 days notice prior to trial, the trier of fact *shall* consider the fault of that non-party at trial.  Plaintiff has not cited and CSXT has not located, any statute, rule, or case law precedent which imposes any other limitation upon CSXT's ability to request the jury to apportion fault to non-party General Mills.  Accordingly, Plaintiff's Motion to Strike should be denied.

**B.     Rule 26 Does Not Require Parties to Formally Supplement Disclosures Or Responses With Information Known To The Other Parties.**

Contrary to Plaintiff's assertion, Rule 26 does not require a party to formally supplement its discovery responses to identify facts or witnesses that are already known to the other parties to the case.  Under Federal Rule of Civil Procedure 26(e)(1), a party is only obliged to supplement its disclosures or discovery responses "if the additional or corrective information *has not otherwise been made known* to the other parties during the discovery process." (*emphasis supplied*).  In addressing this provision, the Federal Rules Advisory Committee specifically directs that "[t]here is, however, no obligation to provide supplemental or corrective information that has

been otherwise made known to the parties in writing or during the discovery process." Advisory Committee's note to 1993 amendments.

In accord with this reasoning, when facts or witnesses are made known to the parties through depositions and discovery, Rule 26(e)(1)'s supplementation requirement is satisfied:

> The duty to supplement imposed by Fed.R.Civ.P. 26(e)(1) does not require an application of form over substance. In fact, both the Advisory Committee and leading commentators indicate that the incidental discovery, particularly during a deposition, of information ordinarily subject to supplementation satisfies the Rule 26(e)(1) duty as sufficiently as a formal filing.

*Coleman v. Keebler Co.*, 997 F.Supp. 1102, 1107 (N.D.Ill. 1998). *See also Law v. American Capital Strategies, Ltd.*, 2007 WL 221671, *7-8 (M.D.Tenn. 2007) (denying motion to strike because witnesses objected to by defendants were identified at depositions in case).

In contrast to the cases from this Court cited by Plaintiff in his Motion, there is no witness or documentary evidence upon which CSXT intends to rely in this case which has not already been disclosed to Plaintiff. Here, the record shows that from the commencement of this litigation, CSXT sought "[a]ll manuals, books, charts, and training materials of any nature or kind, from any source, used to instruct Plaintiff about switching rail cars." CSXT's First Request for Production of Documents (served September 7, 2007). In addition to the information regarding training that was

obtained at the depositions of Plaintiff and his co-workers, CSXT's 30(b)(6) deposition notices to General Mills [176] and Barloworld [175] specifically set forth training and supervision issues upon which CSXT sought to depose these witnesses.[1] Indeed, as stated by non-party General Mills itself, "[CSXT] has made clear the issues it intends to raise in its own defense about Doug Burchfield's training and supervision. Those issues potentially implicate General Mills." [239-2], p. 8. This record directly contradicts any contention that Plaintiff was unaware of facts from which a jury could find that non-party General Mills may be at fault, and certainly belies any argument that Plaintiff has been unfairly disadvantaged by CSXT's Notice of Defense of Fault of Third Party.[2] Plaintiff's Motion to Strike is without merit and should be denied.

## **CONCLUSION**

Because O.C.G.A. § 51-12-33 does not require a party to give notice of its intent to seek apportionment of fault against a non-party other than as prescribed by the statute, Plaintiff's Motion to Strike CSXT's Notice of Defense of Fault of Non-Party as Untimely is without merit. Plaintiff's assertion that CSXT failed to

---

[1] The parties traveled to Charlotte, North Carolina in September 2008 for the deposition of Barloworld, the company which provided the initial training to Plaintiff on use of the trackmobile.

[2] Further undercutting any claim of surprise or prejudice by Plaintiff, The Andersons filed an identical Notice of Defense of Fault of Non-Party as to General Mills in November, 2007 [35].

supplement discovery is similarly baseless and ignores the plain language of Federal Rule of Civil Procedure 26(e)(1), providing that no duty to supplement exists when facts are otherwise made known to the parties. For all the foregoing reasons, as well as the evidence of record in this case, Plaintiff's motion should be denied.

Respectfully submitted, this 20th day of November, 2008.

**CASEY GILSON P.C**.

/s/  Joyce Gist Lewis
**ROBERT E. CASEY, JR.**
Georgia Bar No. 115605
**JOYCE GIST LEWIS**
Georgia Bar No. 296261
Attorneys for Defendant
CSX Transportation, Inc.

Six Concourse Parkway, Suite 2200
Atlanta, Georgia 30328
Tel. (770) 512-0300
Fax (770) 512-0070
rcasey@caseygilson.com
jlewis@caseygilson.com

## **CERTIFICATION OF SIZE AND FONT**

Counsel for CSX Transportation, Inc. hereby certifies that **DEFENDANT CSX TRANSPORTATION, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CSX'S NOTICE OF DEFENSE OF FAULT OF NON-PARTY AS UNTIMELY[316]** has been prepared in Times New Roman 14-point font, in accord with the requirements of Local Rules 5.1B and 7.1D.

**CASEY GILSON P.C**.
/s/  Joyce Gist Lewis
**JOYCE GIST LEWIS**
Georgia Bar No. 296261

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DOUG BURCHFIELD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action File No. |
| | : | 1:07-CV-1263 (TWT) |
| CSX TRANSPORTATION, INC., | : | |
| THE ANDERSONS, INC., | : | |
| | : | |
| Defendants; and | : | |
| | : | |
| THE ANDERSONS, INC., | : | |
| | : | |
| Defendant/Third-party Plaintiff,: | | |
| | : | |
| v. | : | |
| | : | |
| STAR OF THE WEST MILLING | : | |
| COMPANY, | : | |
| | : | |
| Third-party Defendant. | : | |
| _____ | : | |

## CERTIFICATE OF SERVICE

This is to certify that on November 20, 2008, the undersigned counsel electronically filed the foregoing **DEFENDANT CSX TRANSPORTATION, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CSX'S NOTICE OF DEFENSE OF FAULT OF NON-PARTY AS UNTIMELY[316]** with the Clerk of Court using the CM/ECF system which will

automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| J. Arthur Mozley, Esq.<br>Sirce Elliott, Esq.<br>Mozley, Finlayson & Loggins LLP<br>One Premier Plaza, Suite 900<br>5605 Glenridge Drive<br>Atlanta, GA 30342<br>amozley@mfllaw.com<br>selliott@mfllaw.com | Michael J. Warshauer, Esq.<br>Douglas C. Dumont, Esq.<br>Warshauer, Poe & Thornton, P.C.<br>3350 Riverwood Parkway<br>Suite 2000<br>Atlanta, Georgia 30339<br>mjw@warpoe.com<br>dcd@warpoe.com |

Earl W. Gunn, Esq.
Lindsay Gatling, Esq.
Weinberg, Wheeler, Hudgins, Gunn & Dial LLC
950 E. Paces Ferry Road, Suite 3000
Atlanta, GA 30326
bgunn@wwhgd.com
lgatling@wwhgd.com

This 20th day of November, 2008.

**CASEY GILSON P.C.**

/ s / Joyce Gist Lewis
Six Concourse Parkway, Suite 2200   **JOYCE GIST LEWIS**
Atlanta, GA  30328                  Georgia Bar No. 296261
Telephone:  770/512-0300
Telecopier:  770/512-0070
jlewis@caseygilson.com