# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DOUG BURCHFIELD, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action File No. |
| : | 1:07-CV-1263 (TWT) |
| CSX TRANSPORTATION, INC., : | |
| THE ANDERSONS, INC., : | |
| : | |
| Defendants; and : | |
| : | |
| THE ANDERSONS, INC., : | |
| : | |
| Defendant/Third-party Plaintiff,: | |
| : | |
| v. : | |
| : | |
| STAR OF THE WEST MILLING : | |
| COMPANY, : | |
| : | |
| Third-party Defendant. : | |
| _____ : | |

### DEFENDANT CSX TRANSPORTATION, INC.'S
### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
### FOR PARTIAL SUMMARY JUDGMENT

## I.
## INTRODUCTION

Plaintiff has moved for partial summary judgment in this personal injury case asserting that there is no evidence from which a jury could find that negligence by

Plaintiff's employer, General Mills, caused or contributed to his accident. Plaintiff's motion should be denied, as Plaintiff has failed to meet this Court's requirements for setting forth material facts as to which there exists no genuine issue to be tried. Moreover, the record in this case unequivocally shows that General Mills owed a duty to its employees to ensure that they were using chocks and derail devices when moving railcars at the General Mills facility. The record further shows that had wheel blocks or derails been utilized by Plaintiff and his co-workers, the accident which caused Plaintiff's injuries could not have occurred. Because CSXT is able to point to evidence which creates a jury question on each element of CSXT's defense that non-party General Mills caused or contributed to Plaintiff's injuries, Plaintiff is not entitled to judgment as a matter of law on this issue and his motion should be denied.

## II.

## ARGUMENT AND CITATION OF AUTHORITY

A.  **Plaintiff's Motion for Summary Judgment Does Not Meet the Requirements of Local Rule 56.1.**

As an initial matter, it should be noted that although Plaintiff purports to devote 6 ½ pages of his brief to a discussion of "facts" in this case, Plaintiff's "separate, concise, numbered statement of material facts as to which the movant contends there is no genuine issue to be tried" consists of three (3) conclusory assertions which do not met the requirements of Local Rule 56.1B. That Rule provides, in pertinent part,

> The court will not consider any fact: (a) not supported by a citation to evidence (including page or paragraph number); (b) supported by a citation to a pleading rather than to evidence; (c) stated as an issue or legal conclusion; (d) set out only in the brief and not in the movant's statement of undisputed facts.

Here, Plaintiff has failed to comply with three of the four explicit requirements of Rule 56.1. First, Plaintiff's "material facts" are stated as legal conclusions rather than facts (i.e., "Plaintiff was properly trained", "there is no evidence that General Mills failed to properly train…"). Second, Plaintiff has failed to comply with the provision of Local Rule 56.1 requiring "citation to evidence proving such fact," as the cited testimony references training and testing, but certainly does not mandate the conclusions urged by Plaintiff. Third, Plaintiff apparently expects that the Court will ignore the explicit requirements of Local Rule 56.1 and consider facts he purports to set forth in his Brief, but chose not to include in his statement of material facts.[1] In discussing this last provision of the Rule, this Court has previously made clear that "the Court is not permitted to consider such fact[s] in resolving any pending motion for summary judgment." *Richardson v. Jackson*, 545 F.Supp.2d 1318, 1326 (N.D.Ga.

---

[1] Although they should not be considered by the Court in ruling on the motion for summary judgment, CSXT observes that many of the "facts" relied upon by Plaintiff in his Brief are argumentative or constitute legal conclusions, such as the assertion that "the movement of rail cars, as well as the training needed by such workers, is outside the kin of lay people." Plaintiff's Brief, pp. 2-3. Other "facts" are not

2008). Under *Richardson*, this Court should find that any facts not set forth pursuant to the requirements of Rule 56.1 are not material to Plaintiff's motion. Having failed to point to any statements of material fact meeting the requirements of this Court, Plaintiff's motion should be summarily denied.

**B.     The Record Contains Evidence from Which a Jury Could Find That General Mills' Breached its Duty to Plaintiff and that Such Breach Caused or Contributed to Plaintiff's Injuries**

In addition to Plaintiff's complete failure to comply with the requirements of this Court for presenting an issue for summary adjudication, Plaintiff has also failed to meet his burden to point to an "absence of evidence" to support CSXT's defense that General Mills caused or contributed to the accident in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986). In responding to Plaintiff's Motion for Partial Summary Judgment, CSXT is entitled to have all evidence viewed in the light most favorable to CSXT as the non-movant and to have all inferences from the evidence in this case drawn in its favor. *Reyes v. Maschmeier*, 446 F.3d 1199, 1202 (11th Cir. 2006). Because there is evidence in the record to support every element of CSXT's defense that non-party General Mills caused or contributed to Plaintiff's injuries, Plaintiff's motion for partial summary judgment should be denied.

---

supported by any citation to the record, such as the assertion that "the hand brake was incapable of holding the car in place." Plaintiff's Brief, p. 3.

1. **A jury can find that General Mills violated industry standards for training and supervising employees engaged in railcar switching operations.**

Contrary to Plaintiff's assertion that CSXT must provide expert testimony to establish a duty on the part of General Mills, General Mills' duty to Plaintiff as his employer is codified in Georgia law, which mandates that

> Every employer shall furnish employment which shall be reasonably safe for the employees therein, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes reasonably adequate to render such an employment and place of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees.

O.C.G.A. § 34-2-10.

In addition to this statutory duty, non-party Barloworld Handling, LLC has provided testimony in this case which identifies specific requirements applicable to movement of railcars within a non-railroad industry. Plaintiff's assertion that CSXT may not rely upon Barloworld's testimony is baseless and *Jones v. E.R. Snell Contractor, Inc.*, 333 F.Supp.2d 1344, 1349 (N.D.Ga. 2004), cited by Plaintiff in his brief, is inapposite. *Jones* involved a Plaintiff who submitted an affidavit advancing an entirely new theory of liability following the filing of a motion for summary judgment. *Id.* In the instant case, Barloworld was properly subpoenaed to deposition to discuss, among other topics, the training it provided to General Mills; "warnings, cautions and directions" it provided to General Mills; and the purposes and policies of

the trackmobile manual provided to General Mills [195]. Plaintiff did not object to any of the topics propounded by CSXT in advance of Barloworld's deposition and should not be heard to complain about CSXT's reliance upon this testimony, which was properly obtained during the course of discovery. A party is only obliged to supplement its disclosures or discovery responses under Federal Rule of Civil Procedure 26(e)(1), "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." *See also Coleman v. Keebler Co.*, 997 F.Supp. 1102, 1107 (N.D.Ill. 1998) (holding that incidental discovery, particularly during a deposition, of information ordinarily subject to supplementation satisfies the Rule 26(e)(1) duty as sufficiently as a formal filing).

Although CSXT need only point to one fact raising a jury question as to whether General Mills breached its duty to properly train and supervise Plaintiff, the record in this case contains a multitude of facts from which a jury could find that General Mills was negligent. The record shows that non-party General Mills purchased a rail car mover (or "trackmobile") from Barloworld Handling to allow General Mills to maneuver (or "spot") rail cars within its plant at Covington, Georgia, without assistance from CSXT. Hilfiger Dep., pp. 19-20. In conjunction with the purchase, Barloworld visited General Mills' facility in Covington, Georgia to provide training in trackmobile operations to General Mills' employees. Jobes Dep., p. 30.

Barloworld has 22 years of experience as a regional distributor of trackmobiles and other rail movers to the southeast United States. Hilfiger Dep., p. 11. The training and testing provided to Barloworld's clients, including General Mills, is based upon Barloworld's knowledge of "general industry practice" for operation and maintenance of rail movers. Jobes Dep., pp. 19-22, 43-44. As explained by Barloworld's corporate designee, Charlie Jobes, Barloworld provides this training to enhance and reinforce the instructions set forth in the trackmobile operator's manual:

> Q. If Barloworld believes that a person can understand how to operate a Trackmobile based on a review of the manufacturer's manual, why provide training?
>
> MR. DUMONT: Object to form.
>
> MR. JENKINS: Objection to form. Go ahead and answer.
>
> THE WITNESS: We feel that -- for example, the Trackmobile operator's manual typically doesn't include pictures or practical demonstrations and the opportunity to practice with someone who is experienced in the proper operation of the equipment.
>
> So while the manual would speak directly to the manufacturer's specific operating instructions, we feel that -- that, well, coming to a class enhances the learning response -- the learning effect by taking what's essentially a visual document and adding audio, talking, and tactile, doing activities. So we feel like it's an enhanced learning environment.

439622-1
CSXATL-CX1382

Jobes Dep., p. 20. See also Jobes Dep., p. 75 ("based on [Barloworld's] knowledge and experience in the industry, we may augment … or supplement that [training] to a higher level.").

The evidence in this case shows that the trackmobile operator's manual should be kept with the vehicle and that "the employer is required to make sure that people understand everything that is in this manual." Jobes Dep., p. 109; Butler Dep., p. 34. In accord with the instructions set forth in the manual, Barloworld instructed General Mills that it should keep chocks or other wheel blocks on the trackmobile so that they would be available during railcar switching operations. Jobes Dep., p. 63. Furthermore, Barloworld specifically instructed that any railcar which was not connected to a trackmobile must have its wheels blocked using chocks to prevent the car from rolling:

> A. ….[General Mills employees] were taught to chock the wheels when the rail -- when the individual car or cars were separated from the control of the Trackmobile.
>
> Q. Regardless of grade?
>
> A. Regardless of grade.

Jobes Dep., pp. 81-82.

> Q. And what is your understanding of when it is necessary to block wheels?

>   A.  My understanding, from the operator's manual -- it's necessary when a car is not attended or hooked onto a Trackmobile itself. That is the sole controlling factor.

Jobes Dep., p. 120.

Plaintiff attended the Barloworld training in 2003, but General Mills did not require him to read the trackmobile manual before permitting him to move railcars at the Covington facility. Burchfield Dep., pp. 27-29, 82. Moreover, no one at General Mills was supervising Plaintiff in 2005 to ensure that he was complying with either the Barloworld training requirements or the requirements of the trackmobile operator's manual. Burchfield Dep., pp. 32-33. Notwithstanding the training he received from Barloworld, Plaintiff admits that he never chocked the wheels of railcars at General Mills' railyard:

>   Q.  Are you familiar with the term chock, chocking a car?
>
>   A.  Sure.
>
>   Q.  What is that?
>
>   A.  To block its path.
>
>   Q.  How do you do that?
>
>   A.  By placing some object in its path to keep it from moving.
>
>   Q.  As part of your training with Barloworld about the use of the Trackmobile, did they teach you about chocking cars?
>
>   A.  I don't remember.

> Q. Did you ever chock the wheels of a car as part of your procedure and practice when you were switching cars at General Mills?
>
> A. Not that I am aware of.

Burchfield Dep., pp. 80-81.

Barloworld's training also specified that a derailer, "a safety device to deliberately derail a car or cars," could be used to prevent runaway cars from causing injury. Jobes Dep., pp. 60-61. However, according to Plaintiff, setting derailers was typically "the last thing" General Mills employees would do prior to finishing switching operations for the day:

> Q. …You've just moved your full car onto track 23, and now you've pulled your Trackmobile away to put it back on the pad. Would you also, when you were leaving, engage that derail device?
>
> A. Yes. That's why I said the last thing we would do is park the Trackmobile and then go back and reset any derailers that were opened up.
>
> …
>
> Q. And what would be the reason for that?
>
> A. Reason for what?
>
> Q. The reason for setting that derail device.
>
> A. Well, my understanding, that derailer is there in case a car gets loose, it will jump it off the track. So that's it. It can't go any further.

Burchfield Dep., pp. 60-61.  See also Turk Dep., p. 161.

On this record, there exists evidence from which a jury could find that it was "reasonably necessary" for General Mills to train and supervise its employees to comply with the safety precautions taught by Barloworld and set forth in the trackmobile operator's manual.  A reasonable jury could likewise find that General Mills breached this duty by failing to require its employees to block the wheels of rail cars in the railyard; by failing to provide chocks or other wheel blocks for use in moving railcars; by failing to require its employees to utilize derail devices during switching operations; and by failing to supervise its employees to ensure that the training provided by Barloworld and set forth in the trackmobile operator's manual was being followed.  Plaintiff's motion should therefore be denied.

**2.  General Mills' Breach Of Its Duty Caused or Contributed to Plaintiff's Injury.**

In order to establish that a jury question exists as to whether General Mills caused or contributed to Plaintiff's injuries, CSXT is only required to "introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of [General Mills] was a cause in fact of the result."  *Purvis v. Steve*, 284 Ga.App. 116, 119, 643 S.E.2d 380, 383 (2007).  Here, Plaintiff's own expert has acknowledged that wheel chocks would have prevented AEX 7136 from rolling down the grade at General Mills and causing Plaintiff's injuries:

> Q. But if wheel chocks had been used in this incident this accident never would have happened, would it?
>
> A. That's correct.
>
> …
>
> Q. Well, if they're in the Trackmobile how long does it take to put them under the wheels or a wheel?
>
> A. Not long.
>
> Q. And you can put one wheel chock under -- You can put a wheel chock under one wheel and that would still prevent the car from moving, correct?
>
> A. As far as we know, yes.
>
> Q. And that would take just a matter of seconds, wouldn't it?
>
> A. Right.

Engle Dep., p. 182-83.  See also Jobes, p. 60-61 (discussing purpose of derail devices to stop unintended movement of railcars).  There is no issue as to the feasibility or availability of wheel blocks at General Mills, as General Mills employees routinely used wheel blocks inside the General Mills buildings, but did not use chocks in the railyard or carry chocks in the trackmobile.  Butler Dep., pp. 45-46; Turk Dep., pp. 101-03.

The evidence in this case unequivocally shows that if General Mills had provided wheel chocks on the trackmobile and required their use—as it did for railcar

movements inside the plant—AEX 7136 would not have been able to roll down the tracks and would not have struck Plaintiff. Likewise, if General Mills had required its employees to engage the derail devices downhill of AEX 7136, the car would have derailed before it struck Plaintiff, just as the derail devices which were engaged below the accident site functioned appropriately to derail the railcars and trackmobile following the accident.[2] Jeffords Dep., p. 77. Because the record contains evidence from which a jury could find that General Mills caused or contributed to Plaintiff's injuries by failing to enforce the use of wheel blocks and derails, Plaintiff's Motion for Partial Summary Judgment should be denied.

**3.     Expert testimony is not required to create a jury question as to whether General Mills breached a duty to its employee or caused Plaintiff's injuries.**

To the extent that Plaintiff intends to argue that the requirements for safe movement of railcars utilizing a trackmobile within an industry are "beyond the ken of the average layperson," his assertion is not supported by the record in this case. As testified to by Barloworld, the only witness in this case with 22 years of experience in training non-railroad employees in the use of trackmobiles for railcar switching, "[t]he customer can refer to the operator's manual provided with the piece of equipment, by

---

[2] Plaintiff has testified that to his knowledge, all of the derail devices in the General Mills railyard were in working order. Burchfield Dep., p. 62.

the manufacturer, to obtain the operating information that they need." Jobes Dep., p. 14. It is well-established in the Eleventh Circuit that expert testimony is not required in those instances where a jury is capable of drawing its own conclusions from the facts presented:

> Both *Salem v. United States Lines Co.*, 370 U.S. 31, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962), and Fed.R.Evid. 702 present the general rule as to the need for expert testimony. *Salem* states that expert testimony is not necessary if the primary facts are accurately presented to the jury and the jurors are as capable of understanding and drawing correct conclusions from the facts as an expert.

*Worsham v. A.H. Robins Co.*, 734 F.2d 676, 685 (11th Cir. 1984).

Here, the record contains testimony from which a jury could find, without the assistance of an expert opinion, 1) that General Mills should have required an employee engaged in railcar switching operations to use wheel chocks and derails, 2) that General Mills did not require its employees to use chocks or derails as safety precautions when moving railcars, and 3) that the subject accident could have been avoided had General Mills supervised its employees to ensure that such devices were used. There is no need for CSXT to point to expert analysis because the jury can reach the same conclusion based on the law and the testimony which has been provided by Barloworld and the other witnesses in this case. CSXT has met its burden to point to record evidence supporting every element of its defense as to General

Mills, and therefore, Plaintiff's Motion for Partial Summary Judgment is without merit and should be denied.

## III.

## CONCLUSION

Because the testimony of record viewed in the light most favorable to CSXT creates a question of fact as to negligence by non-party General Mills, Plaintiff is not entitled to summary judgment on this element of CSXT's defense and Plaintiff's Motion For Partial Summary Judgment should be denied in its entirety.

Respectfully submitted, this 1st day of December, 2008.

**CASEY GILSON P.C**.

/s/  Joyce Gist Lewis
**ROBERT E. CASEY, JR.**
Georgia Bar No. 115605
**JOYCE GIST LEWIS**

Six Concourse Parkway, Suite 2200   Georgia Bar No. 296261
Atlanta, Georgia 30328   Attorneys for Defendant
Tel. (770) 512-0300   CSX Transportation, Inc.
Fax (770) 512-0070
rcasey@caseygilson.com
jlewis@caseygilson.com

## **CERTIFICATION OF SIZE AND FONT**

Counsel for CSX Transportation, Inc. hereby certifies that **DEFENDANT CSX TRANSPORTATION, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** has been prepared in Times New Roman 14-point font, in accord with the requirements of Local Rules 5.1B and 7.1D.

Respectfully submitted, this 1st day of December, 2008.

**CASEY GILSON P.C**.

/s/  Joyce Gist Lewis
**JOYCE GIST LEWIS**
Six Concourse Parkway, Suite 2200   Georgia Bar No. 296261
Atlanta, Georgia 30328   Attorneys for Defendant
Tel. (770) 512-0300   CSX Transportation, Inc.
Fax (770) 512-0070
jlewis@caseygilson.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DOUG BURCHFIELD, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action File No. |
| : | 1:07-CV-1263 (TWT) |
| CSX TRANSPORTATION, INC., : | |
| THE ANDERSONS, INC., : | |
| : | |
| Defendants; and : | |
| : | |
| THE ANDERSONS, INC., : | |
| : | |
| Defendant/Third-party Plaintiff,: | |
| : | |
| v. : | |
| : | |
| STAR OF THE WEST MILLING : | |
| COMPANY, : | |
| : | |
| Third-party Defendant. : | |
| _____ : | |

### CERTIFICATE OF SERVICE

This is to certify that on December 1, 2008, the undersigned counsel electronically filed the foregoing **DEFENDANT CSX TRANSPORTATION, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF

system which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| Michael J. Warshauer, Esq.<br>Douglas C. Dumont, Esq.<br>Warshauer, Poe & Thornton, P.C.<br>3350 Riverwood Parkway<br>Suite 2000<br>Atlanta, Georgia 30339<br>mjw@warpoe.com<br>dcd@warpoe.com | Earl W. Gunn, Esq.<br>Lindsay Gatling, Esq.<br>Weinberg, Wheeler, Hudgins, Gunn<br>& Dial LLC<br>950 E. Paces Ferry Road, Suite 3000<br>Atlanta, GA 30326<br>bgunn@wwhgd.com<br>lgatling@wwhgd.com |

J. Arthur Mozley, Esq.
Sirce Elliott, Esq.
Mozley, Finlayson & Loggins LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, GA 30342
amozley@mfllaw.com
selliott@mfllaw.com

This 1st day of December, 2008.

**CASEY GILSON P.C.**

/ s / Joyce Gist Lewis
Six Concourse Parkway, Suite 2200    **JOYCE GIST LEWIS**
Atlanta, GA  30328                    Georgia Bar No. 296261
Telephone:  770/512-0300
Telecopier:  770/512-0070
jlewis@caseygilson.com