# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DOUG BURCHFIELD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action File No. |
| | : | 1:07-CV-1263 (TWT) |
| CSX TRANSPORTATION, INC., | : | |
| THE ANDERSONS, INC., | : | |
| | : | |
| Defendants; and | : | |
| | : | |
| THE ANDERSONS, INC., | : | |
| | : | |
| Defendant/Third-party Plaintiff,: | | |
| | : | |
| v. | : | |
| | : | |
| STAR OF THE WEST MILLING | : | |
| COMPANY, | : | |
| | : | |
| Third-party Defendant. | : | |
| _____ | : | |

### DEFENDANT CSX TRANSPORTATION, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE NOTICE OF DEFENSE OF FAULT OF NON-PARTY ON GROUNDS THAT <u>O.C.G.A. § 51-12-33 IS UNCONSTITUTIONAL</u>

In moving this Court to strike CSXT's Notice of Defense of Fault of Non-Party, Plaintiff contends that O.C.G.A. § 51-12-33, the statute allowing the fact-finder to apportion fault to non-parties, should be deemed unconstitutional or inapplicable

under the facts of this case. Because the arguments asserted by Plaintiff in support of his motion are wholly based upon misapprehensions regarding the operation and purpose of O.C.G.A. § 51-12-33 and because Plaintiff has failed to identify any basis upon which this Court can hold that O.C.G.A. § 51-12-33 is unconstitutional, Plaintiff's motion should be denied.

## ARGUMENT

**A.     A Brief Discussion of The Operation of O.C.G.A. § 51-12-33.**

In 2005, the Georgia legislature amended a number of statutes, including several addressing damages arising out of state law tort claims. The statute at issue in the instant motion, O.C.G.A. § 51-12-33, provides as follows:

> (a) Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault.

> (b) Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

(c) In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit.

(d)(1) Negligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault.

(2) The notice shall be given by filing a pleading in the action designating the nonparty and setting forth the nonparty's name and last known address, or the best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing the nonparty to be at fault.

(e) Nothing in this Code section shall eliminate or diminish any defenses or immunities which currently exist, except as expressly stated in this Code section.

(f) (1) Assessments of percentages of fault of nonparties shall be used only in the determination of the percentage of fault of named parties.

(2) Where fault is assessed against nonparties pursuant to this Code section, findings of fault shall not subject any nonparty to liability in any action or be introduced as evidence of liability in any action.

(g) Notwithstanding the provisions of this Code section or any other provisions of law which might be construed to the contrary, the plaintiff shall not be entitled to receive any damages if the plaintiff is 50 percent or more responsible for the injury or damages claimed.

The operation of the statute is very straightforward. First, the jury assesses the relative fault of the plaintiff (subsection (a)). If the plaintiff is fifty percent (50%) or more liable, he is barred from recovery (subsection (g)).

Second, the jury assesses the relative fault of the defendants (subsection(b)). If plaintiff is partially at fault, his fault is included in the assessment (*Id.*). If the plaintiff has settled with a party or defendant gives adequate notice, the assessment will also include the percentage of fault of nonparties (subsections (c) and (d)). Importantly, assigning a percentage of fault to a nonparty does not assign liability to the nonparty (subsection (f)).

Third, the jury apportions the total damages among each defendant (subsection (b)), in accordance with each defendant's percentage of fault (subsection (b)). The plaintiff does not recover for those percentages due to the fault of himself or nonparties. As an illustration, if the jury has determined that defendant Daniel is 40% at fault, defendant Dora is 20% at fault, plaintiff Paul is 30% at fault, and a nonparty Nancy is 10% at fault, and if plaintiff's total damages equaled $100,000, the jury would award Paul $60,000. Daniel would be severally liable for $40,000, Dora would be severally liable for $20,000, and Paul could not recover for the $30,000 which was due to his fault or the $10,000 due to Nancy's fault.

As the Supreme Court of Indiana explained in discussing a similar statute, "The basic point of the statute is that a defendant should be required to compensate an injured party only in proportion to the defendant's fault." *Witte v. Mundy*, 820 N.E.2d 128, 133 (Ind. 2005) (*citing Estate of Hunter v. General Motors Corp.,* 729 So.2d

1264, 1274 (Miss.1999); *see also Carroll v. Whitney,* 29 S.W.3d 14, 21 (Tenn.2000); *Kirby Bldg. Sys. v. Mineral Explorations Co.,* 704 P.2d 1266, 1272 (Wyo.1985)).

    **B.    O.C.G.A. §§ 51-12-31 Through -33 Create a Unified System Which Applies to All Cases Involving Joint or Multiple Defendants.**

Plaintiff urges this Court to hold that the provisions of O.C.G.A. § 51-12-33 requiring a jury to apportion fault among parties and non-parties conflict with two other Georgia statutes, O.C.G.A. §§ 51-12-31 and 51-12-32, which reference joint liability and contribution, respectively. In support of his argument, Plaintiff asserts that, notwithstanding the fact that both statutes include a clause explicitly acknowledging the existence of the apportionment statute ("except as provided in O.C.G.A. § 51-12-33"), section 33 renders sections 31 and 32 meaningless. This argument should be rejected because even a plain reading of the statutes shows that Sections 31 and 32 can be applied to cases involving issues such as vicarious liability, respondeat superior, and contractual indemnity which Section 33 does not (and is not intended to) address.

A review of O.C.G.A. § 51-12-33 shows that the statute on its face does not contemplate entities which are liable by virtue of their relationship to a tortfeasor. Consequently, a defendant's employer liable under a theory of respondeat superior, which imputes the liability of the employee to the employer even where the employer

is completely faultless, does not fall under the scope of O.C.G.A. § 51-12-33. However, the damages to be assessed against this same employer would be subject to O.C.G.A. §§ 51-12-31 and 51-12-32. *Compare Marina Emergency Med. Grp. v. Superior Ct.*, 84 Cal.App.4th 435, 100 Cal.Rptr.2d 866, (Call App. 2 Dist. 2000) (Analogue to O.C.G.A. § 51-12-33 "does not apply " "in cases where a person's liability is derivative (such as respondeat superior.)").

Viewed in this light, O.C.G.A. § 51-12-33 is not an exception that swallows the rule, as argued by Plaintiff. Rather, O.C.G.A. §§ 51-12-31 and 32 may be regarded as intended to apply in those exceptional cases in which a party may be held liable without fault. *See Hunter v. Embree*, 122 Ga.App. 576, 178 S.E.2d 221, 222 (1970) (discussing "liability of a principal to a third person … though [principal] was not a party to the action."). Although there are doubtless other scenarios in which Sections 31 and 32 would be relevant to a determination of liability or contribution, Plaintiff's inability to show that these three statutes are inherently contradictory is sufficient to undercut Plaintiff's argument with regard to the constitutionality of O.C.G.A. § 51-12-33, and the Court should therefore deny Plaintiff's motion.

    **C.**    **O.C.G.A. § 51-12-33 Is Not Internally Contradictory Merely Because the Statute Addresses Both Fault and Liability.**

In his brief, Plaintiff argues that O.C.G.A. § 51-12-33 subsection (b)'s directive to "apportion its award of damages among the persons who are liable according to the

6

percentage of fault of each person" contradicts subsection (c)'s directive to "consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit." Specifically, Plaintiff complains that this language in the statute requires the Court to substitute liability with an undefined fault standard. The statute, however, does no such thing. Subsection (b) states in pertinent part:

> Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the of the total amount of damages to be awarded, if any shall…apportion its award of damages among the persons who are liable **according to the percentage of fault of each person.**

Subsection (c) then provides:

> **In assessing percentages of fault**, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit." (emphasis supplied)

A plain reading of the statute shows that Subsection (b) does not speak to liability, except as a method to define who must pay damages. Thus, "the persons who are liable" are identified as those persons as to whom Plaintiff must prove his case before they will pay damages. The role of subsection (c) is merely to alter the percentage of fault (and therefore the <u>amount</u> of damages) for which a named defendant is liable by allowing the jury to consider at-fault non-parties when determining how much a defendant must pay. At no point does "fault" replace

"liability" as the standard of judgment. O.C.G.A. § 51-12-33 simply gives the jury the opportunity to assess damages against a defendant based upon his fair percentage of fault, rather than the happenstance that the defendant is the only party remaining in the case against whom Plaintiff is seeking damages.

Further undermining Plaintiff's argument is the fact that Georgia juries for decades have been called upon to weigh the liability of a defendant in light of the percentage of fault of the plaintiff. *See e.g. Whatley v. Henry*, 65 Ga.App. 668, 16 S.E.2d 214, 220 (1941). Any assertion that that the jury will be "confused" if called upon to make a fault determination in apportioning damages is completely nonsensical in light of Georgia's long history of comparative fault and comparative negligence precedents. Clearly, Plaintiff's position that the comparative fault statute is internally contradictory rests either upon a misreading of the statute or an uncharitable prediction about the competence of future juries. Neither reason provides this Court with a basis to find that O.C.G.A. § 51-12-33 should be declared unconstitutional simply because non-party fault must be weighed alongside plaintiff's fault or defendant's fault. Plaintiff's motion should therefore be denied.

> **D.    O.C.G.A. § 51-12-33 Explicitly Authorizes the Jury to Assess and Apportion Fault.**

Plaintiff's most perplexing argument in support of his effort to have this Court declare Georgia's apportionment statute unconstitutional is that the legislature did not

explicitly authorize the jury to find fault "amongst defendants and non-parties" [334 at 12]. This argument is directly belied by the plain language of the statute, which requires the jury to assess damages against each defendant "**according to the percentage of fault of each person.**" (*emphasis supplied*). In addition to simply authorizing the jury to make this determination, the statute explicitly uses the word "shall" to indicate that the jury is **required** to apportion damages according to percentage of fault. Likewise, Subsection (c) requires the jury (assuming the requirements of subsection (d) have been met), to consider the fault of all persons who contributed in order to determine the percentage of damages to assess against defendants:

> **In assessing percentages of fault**, the trier of fact **shall consider the fault of all persons or entities who contributed to the alleged injury or damages**, regardless of whether the person or entity was, or could have been, named as a party to the suit. (*emphasis supplied*)

When compared to the plain language of the statute, Plaintiff's assertion that nothing in the statute tells a jury "they can assess fault" is clearly incorrect, and certainly does not provide a basis upon which to overturn the Georgia statute. Plaintiff's motion is therefore without merit and should be denied.

### E. O.C.G.A. § 51-12-33 Does Not Implicate Any Substantive Due Process Rights.

Plaintiff argues that the comparative fault statute violates substantive due process because O.C.G.A. § 51-12-33 allows a defendant to seek to lessen the damages allocated to him by implicating nonparties who are partially or wholly at fault for Plaintiff's injury. However, O.C.G.A. § 51-12-33 was enacted specifically to codify comparative negligence common law, which indisputably has the effect of diminishing the judgment against a joint tortfeasor to the proportion for which he was actually liable. Adams, III, Charles R., *Georgia Law of Torts* § 1-3.1 (2008-09 *ed.*). Far from violating due process, this feature of the statute expressly places the task of weighing the relative fault of plaintiffs, defendants and nonparties in the hands of the jury, where such issues have long rested under Georgia law. *See e.g. McCray v. FedEx Ground Package System, Inc.* 291 Ga.App. 317, 322, 661 S.E.2d 691, 695 (2008). Plaintiff's criticism provides no basis for a finding that he has been denied his due process rights.

### F. O.C.G.A. § 51-12-33 Does Not Deny Plaintiff or Non-Parties Equal Protection.

Plaintiff's argument that the comparative fault statute denies equal protection is essentially a complaint that plaintiffs will need to rebut the defense of non-party fault in order to keep a jury from apportioning fault to an entity from whom Plaintiff is

unable to recover. However, Plaintiff never indicates how being required to prove his case against a defendant, as he is already required to do under the law of Georgia, will prejudice either Plaintiff or non-parties.

It is undisputed that O.C.G.A. § 51-12-33(f) specifically prohibits considerations of fault from affecting a nonparty's interests:

> (1) Assessments of percentages of fault of nonparties shall be used <u>only</u> in the determination of the percentage of fault of named parties.
>
> (2) Where fault is assessed against nonparties pursuant to this Code section, findings of fault <u>shall not subject any nonparty to liability in any action or be introduced as evidence of liability in any action.</u>" (*emphasis added*).

The assertion that plaintiffs in general will suffer prejudice as a result of permitting the apportionment of fault to non-parties should also be rejected. First, the statute only permits the fault of non-parties be considered by the jury if that non-party has previously settled with the plaintiff or if it has been the subject of notice as prescribed in subsection (f) of the statute. Because a prudent plaintiff will presumably examine the potential liability of all persons or entities suspected to be at fault prior to filing suit, there is little risk of surprise to plaintiffs.[1] Second, even an imprudent

---

[1] Plaintiff also argues that CSXT has "ambushed" him with its Notice of Defense of Non-Party [302]. To the extent Plaintiff's assertions require refutation, CSXT incorporates its Response to Plaintiff's Motion to Strike CSXT's Notice as Untimely [345] as if fully set forth herein.

plaintiff will have at least four months prior to trial to develop a strategy to refute the defense.  If he believes that insufficient evidence exists to support a defense, the plaintiff may file a motion for summary judgment or motion in limine on the issue, as Plaintiff has done here.  Nothing in the statute or Plaintiff's brief supports the remarkable assumption that once a defendant gives notice that a non-party was wholly or partially at fault, the jury will automatically assess fault against that non-party.

To the contrary, as with every other affirmative defense presented to juries in Georgia, a defendant must prove its defense.  *See e.g. Mahsa, Inc. v. Al-Madina Petroleum, Inc.*, 276 Ga.App. 890, 895, 625 S.E.2d 37, 42 (2005).  Although the jury **shall** evaluate the fault of non-parties under O.C.G.A. § 51-12-33, the defendant must first present evidence from which the jury can make a determination of fault.  Plaintiff will have his own opportunity to attempt to rebut that evidence.

Finally, Plaintiff's assertion that he is unfairly disadvantaged by O.C.G.A. § 51-12-33 because he could not have named General Mills as a party to the instant lawsuit should be rejected.  On its face, the statute specifically contemplates allocation of fault to non-parties "regardless of whether the person or entity … could have been, named as a party to the suit."  O.C.G.A. § 51-12-33 (c).  Any argument that the Legislature did not intend the statute to apply to employers protected by the workers' compensation bar is therefore without merit.  The only purported "harm" Plaintiff can

439801-1
CSXATL-CX1382

articulate is that if fault is allocated to General Mills by a jury, he may ultimately be denied a double recovery for benefits which were previously paid to him under workers' compensation. Requiring Plaintiff to prove his case against CSXT in order to recover damages from CSXT is not a prejudicial violation of equal protection, as asserted by Plaintiff, rather, it is the very foundation of the adversarial system in the courts of this state and this country. Put simply, the principal that "a defendant should be required to compensate an injured party only in proportion to the defendant's fault" constitutes a rational state interest which is upheld by the statute. *Witte*, 820 N.E.2d at 133. Plaintiff's motion should therefore be denied.

## **CONCLUSION**

Because the laws of Georgia have long contemplated allocation of fault in conjunction with determinations of liability, and because Plaintiff's due process and equal protection rights are not implicated by the application of O.C.G.A. § 51-12-33, Plaintiff's Motion to Strike CSXT's Notice of Defense of Fault of Non-Party as unconstitutional should be denied and Plaintiff's constitutional challenge to the statute rejected in its entirety.

Respectfully submitted, this 1st day of December, 2008.

          **CASEY GILSON P.C**.

          /s/  Joyce Gist Lewis
          **ROBERT E. CASEY, JR.**
          Georgia Bar No. 115605
          **JOYCE GIST LEWIS**

Six Concourse Parkway, Suite 2200   Georgia Bar No. 296261
Atlanta, Georgia 30328   Attorneys for Defendant
Tel. (770) 512-0300   CSX Transportation, Inc.
Fax (770) 512-0070
rcasey@caseygilson.com
jlewis@caseygilson.com

## CERTIFICATION OF SIZE AND FONT

Counsel for CSX Transportation, Inc. hereby certifies that **DEFENDANT CSX TRANSPORTATION, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE NOTICE OF DEFENSE OF FAULT OF NON-PARTY ON GROUNDS THAT O.C.G.A. § 51-12-33 IS UNCONSTITUTIONAL** has been prepared in Times New Roman 14-point font, in accord with the requirements of Local Rules 5.1B and 7.1D.

Respectfully submitted, this 1st day of December, 2008.

          **CASEY GILSON P.C**.

          /s/  Joyce Gist Lewis
          **JOYCE GIST LEWIS**
          Georgia Bar No. 296261
          Attorneys for Defendant
          CSX Transportation, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DOUG BURCHFIELD, | : |
| Plaintiff, | : |
| v. | : Civil Action File No. |
| | : 1:07-CV-1263 (TWT) |
| CSX TRANSPORTATION, INC., | : |
| THE ANDERSONS, INC., | : |
| Defendants; and | : |
| THE ANDERSONS, INC., | : |
| Defendant/Third-party Plaintiff, | : |
| v. | : |
| STAR OF THE WEST MILLING COMPANY, | : |
| Third-party Defendant. | : |

## CERTIFICATE OF SERVICE

This is to certify that on December 1, 2008, the undersigned counsel electronically filed the foregoing **DEFENDANT CSX TRANSPORTATION, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE NOTICE OF DEFENSE OF FAULT OF NON-PARTY ON GROUNDS THAT O.C.G.A. § 51-12-33 IS UNCONSTITUTIONAL** with the Clerk of Court

439801-1

using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| Michael J. Warshauer, Esq.<br>Douglas C. Dumont, Esq.<br>Warshauer, Poe & Thornton, P.C.<br>3350 Riverwood Parkway<br>Suite 2000<br>Atlanta, Georgia 30339<br>mjw@warpoe.com<br>dcd@warpoe.com | Earl W. Gunn, Esq.<br>Lindsay Gatling, Esq.<br>Weinberg, Wheeler, Hudgins, Gunn<br>& Dial LLC<br>950 E. Paces Ferry Road, Suite 3000<br>Atlanta, GA 30326<br>bgunn@wwhgd.com<br>lgatling@wwhgd.com |

J. Arthur Mozley, Esq.
Sirce Elliott, Esq.
Mozley, Finlayson & Loggins LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, GA 30342
amozley@mfllaw.com
selliott@mfllaw.com

This 1st day of December, 2008.

**CASEY GILSON P.C.**

/s/  Joyce Gist Lewis
**JOYCE GIST LEWIS**
Georgia Bar No. 296261

Six Concourse Parkway, Suite 2200
Atlanta, GA  30328
Telephone:  770/512-0300
Telecopier:  770/512-0070
jlewis@caseygilson.com

439801-1